UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARCOS ARREDONDO,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>WARDEN FPC YANKTON,<br><br>　　　　　　　Respondent. | 4:25-CV-04038-KES<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FULL |

　　　Petitioner, Marcos Arredondo, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Arredondo seeks an order directing the Warden at FPC Yankton to apply the appropriate First Step Act (FSA) earned time credits to his sentence. *See id.*; Docket 5; Docket 12. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1.

　　　Respondent, Warden FPC Yankton, moves to dismiss Arredondo's petition for failure to exhaust administrative remedies, lack of subject-matter jurisdiction, and failure to state a claim. Docket 8. Magistrate Judge Veronica L. Duffy filed a report and recommended Arredondo's petition be dismissed as a matter of law. *See* Docket 22 at 10. Arredondo filed a response to the magistrate judge's report, Docket 23, which this court construes as an objection, *see Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (stating that pro se filings are to be construed liberally). The court issues the following order.

**FACTS**

Because Arredondo did not file objections to the facts, *see* Docket 23, the court adopts the facts as set forth in the report and recommendation, *see* Docket 22 at 1-4.

**STANDARD OF REVIEW**

The court's review of the magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Although Arredondo filed an objection to the magistrate judge's report, he does not identify any particular findings or conclusions in the report with which he takes issue. *See* Docket 23. Arredondo's objection essentially echoes the arguments in his § 2241 petition—that BOP staff at FPC Yankton are wrongly denying him FSA earned time credits for prerelease custody, despite clear statutory and agency guidance allowing such credits for inmates without a term of supervised release. *Compare* Docket 23 at 2 (objection), *with* Docket 1 (petition).

After reviewing de novo the magistrate judge's report, the court adopts the report and recommendation in full. Magistrate Judge Duffy provided a thoughtful and well-reasoned analysis, concluding that under the FSA, a prisoner without a term of supervised release—like Arredondo—may earn FSA credits and apply them toward prerelease custody. Docket 22 at 9. Prerelease custody may consist of a residential re-entry center or home confinement. *See* 18 U.S.C. § 3624(g)(1)-(3). Because Arredondo's sentence does not include supervised release conditions, his FSA credits cannot be applied to his supervised release conditions. As such, Arredondo's objection is overruled.

## CERTIFICATE OF APPEALABILITY

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." *Id.* at 335-36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court finds that Arredondo has failed to make a substantial showing that his constitutional rights were denied. Consequently, a certificate of appealability is denied.

## CONCLUSION

Based on the foregoing, it is

ORDERED:

1. That respondent's motion to dismiss (Docket 8) is granted. Arredondo's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed.

2. That the magistrate judge's report and recommendation (Docket 22) is adopted in full.

3. That Arredondo's objection (Docket 23) is overruled.

Dated January 27, 2026.

                                        BY THE COURT:

                                        /s/ *Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        UNITED STATES DISTRICT JUDGE